IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN MUHLBAIER and ELIZABETH MUHLBAIER,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO._____<br><br>Removed Proceeding:<br>New Jersey Superior Court<br>Law Division, Burlington County<br>Docket No. BUR-L-2452-17 |

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446

**PLEASE TAKE NOTICE** that defendant, Specialized Loan Servicing LLC ("SLS"), by its undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446 *et seq.*, based on the following grounds:

**I.    BACKGROUND**

1.   On or about November 19, 2017, plaintiffs Brian Muhlbaier and Elizabeth Muhlbaier ("Plaintiffs") commenced this action (the "Removed Action") against SLS in the Superior Court of New Jersey, Law Division, Burlington County, New Jersey by the filing of their complaint (the "Complaint").  *See generally* Summons, Complaint, and CIS, attached hereto as Exhibit A.

2.   In the Complaint, Plaintiffs allege SLS – which serviced a loan secured by a mortgage on Plaintiffs' former residence – is wrongfully retaining funds that were issued in relation to a claim Plaintiffs submitted under their homeowner's insurance policy.  *See* Compl., Ex. 1.  Based thereon, Plaintiffs raise a single cause of action for declaratory relief under the

1

New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-5l *et seq.*, and request an order directing SLS to turn the funds over to Plaintiffs.  *See id.* at *ad damnum* clause.

## II.  BASIS FOR REMOVAL JURISDICTION

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides that federal district courts shall have original jurisdiction where: (1) there is complete diversity between the parties, 28 U.S.C. § 1332(a)(1)-(4), and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### A.  There is Complete Diversity of Citizenship as Between Plaintiffs and SLS.

4. Plaintiffs allege that they are individuals residing within the State of New Jersey. *See* Compl., Ex. 1 at ¶ 1.  Plaintiffs, therefore, are citizens of the State of New Jersey.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("A natural person is deemed to be a citizen of the state where he is domiciled.").

5. SLS is a limited liability company formed under the laws of the State of Delaware, and has its principal place of business within the State of Colorado.  The sole member of SLS is Specialized Loan Servicing Holdings LLC, which in turn is a wholly owned subsidiary of Computershare Limited.

6. Computershare Limited is a foreign corporation formed under the laws of the nation of Australia and has its principal place of business within the nation of Australia.  As a result, SLS is deemed to be a citizen of the nation of Australia.  *See* 28 U.S.C. § 1332(c)(1); *see also Zambelli*, 592 F.3d at 420 ("every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship. . . . Accordingly, the citizenship

of an LLC is determined by the citizenship of its members."); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

7. As set forth above, there is complete diversity of citizenship as between Plaintiff and SLS, because SLS is not a citizen of the State of New Jersey. *See Zambelli Fireworks*, 592 F.3d at 419.

**B.   The Amount in Controversy is Satisfied.**

8. Plaintiffs allege that SLS is wrongfully in possession of $253,560.61 in insurance funds, and requests an order directing SLS to turn these funds over to Plaintiffs. *See* Compl., Ex. 1 at ¶¶ 12, 24. Therefore, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

**III.   VENUE**

9. Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey (Camden Vicinage) is the proper venue for removal of jurisdiction because it embraces the place where this action is pending.

**IV.   TIMELINESS OF REMOVAL**

10. Plaintiffs served SLS, through its registered agent, on December 5, 2017. *See* Compl., Ex. 1.

11. This notice of removal is being filed within 30 days of SLS's receipt of the Complaint, and therefore, is timely. *See* 28 U.S.C. § 1446(b)(1).

**V.   MISCELLANEOUS**

12. SLS has not answered, moved, or otherwise responded to the Complaint.

13. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders received by SLS to date.

14. Written notice of the filing of this notice of removal is being forwarded to counsel of record for Plaintiffs, as well as to the Clerk of the Court for the Superior Court of New Jersey, Law Division, Burlington County, pursuant to 28 U.S.C. § 1446(d).

15. By filing this notice of removal, SLS does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, and/or improper venue, in this Court or in the court from which this action has been removed.

WHEREFORE, SLS hereby removes the above-captioned action now pending in the Superior Court of New Jersey, Burlington County, Law Division to the United States District Court for the District of New Jersey.

DATED: January 4, 2018

/s/ *Daniel JT McKenna*
Daniel JT McKenna, Esquire
mckennad@ballardspahr.com
Daniel C. Fanaselle, Esquire
fanaselled@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
T: 856.761.3400
F: 856.761.1020

*Attorneys for Defendant,*
*Specialized Loan Servicing LLC*