IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIAN MUHLBAIER and ELIZABETH MUHLBAIER, | |
| Plaintiffs, | Civil No. 1: 18-cv-00125 (RBK/JS) |
| v. | **OPINION** |
| SPECIALIZED LOAN SERVICING LLC, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Specialized Loan Servicing LLC ("SLS") to dismiss the complaint of Plaintiffs Brian Muhlbaier and Elizabeth Muhlbaier. (*See* ECF No. 10.) Because Plaintiffs' sole "claim" purports to arise under the Declaratory Judgment Act, which does not provide a cause of action, the motion will be **GRANTED** and Plaintiffs' complaint is dismissed without prejudice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On April 29, 2005, Plaintiffs Brian and Elizabeth Muhlbaier obtained a mortgage loan of $713,600.00 (the "Mortgage") from Countrywide Home Loans, Inc. (Compl. at 2.) Plaintiffs used the proceeds to purchase 31 Preamble Dr., Mt. Laurel, New Jersey (the "Property"). (Compl. at 2.) On December 14, 2011, Countrywide Home Loans, Inc. assigned the mortgage to Structured Asset Mortgage Investments II Inc., Bear Sterns ARM Trust, Pass-Through Certificates, Series 2005-7, U.S. Bank National Association ("Trust"). (Compl. at 2.) At or around the time the assignment was recorded, Defendant SLS became the loan servicer for the mortgage. (Def. Mot. at 4.)

1

Plaintiffs thereafter failed to make the monthly payments required by the Mortgage. (Def. Mot. at 4.) In January 2014, Plaintiffs discovered that an interior water pipe had burst and caused significant damage to the Property. (Compl. at 2.) On May 5, 2015, Plaintiffs' home insurance issued a check made payable to both Plaintiffs and SLS for $253,560.61. (Compl. at 3.)

On April 29, 2016, Plaintiffs signed a Deed in Lieu of Foreclosure, thereby transferring ownership of the Property to the Trust. (Compl. at 3.) Under the Deed, the Trust agreed to "forbear taking any action against [Plaintiffs] to collect on the obligations secured by the mortgage . . . and to not seek, obtain or permit a deficiency judgment against [Plaintiffs]." (Compl. at 3.)

After the DIL was finalized, SLS issued a Form 1099-A to Plaintiffs that identified the outstanding balance on the mortgage as being $708,302.87, and a fair market value of $653,000.00. (Compl. at 4.) Plaintiffs allege that SLS refuses to endorse the check over to Plaintiffs. (Compl. at 4.) On November 9, 2017, Plaintiffs filed a complaint in the Superior Court of New Jersey under the New Jersey Declaratory Judgment Act, N.J. Stat. Ann. § 2A:16-51, declaring that SLS has no right or interest to the insurance proceeds and that SLS endorse the check over to Plaintiffs. (Compl. at 5.) Defendant timely removed the matter to this Court on January 4, 2018. (Doc. No. 1.) Defendant now moves to dismiss Plaintiffs' complaint for failure to state a cause of action. (Def. Mot. at 10.)

## II.     JURISDICTION

Plaintiffs' removed complaint, although predicated on an uncertain cause of action, leaves no doubt that it concerns a matter whose potential value exceeds $75,000. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Although the absence of a readily-discernible cause of action would,

in some circumstances, call into question the propriety of removal to this Court, the nature of this insurance coverage dispute makes it clear that the pleading defects contained within the complaint are not jurisdictional in nature.

The parties are completely diverse: Plaintiffs are New Jersey citizens, while Defendant Specialized Loan Servicing is a limited liability company whose sole member is Specialized Loan Servicing Holdings, LLC, who, in turn, is a wholly-owned subsidiary of Computershare Limited, an Australian corporation whose principal place of business is also in Australia. Defendant is therefore Australian for purposes of diversity. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of its members."). As such, this matter satisfies this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

### III. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 201 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, a three-part analysis is required. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must take note of the elements a plaintiff

must plead to state a claim. *Id.* Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## IV. DISCUSSION

The sole claim of Plaintiffs' complaint purports to arise under the New Jersey Declaratory Judgment Act, N.J. Stat. Ann. § 2A:16-51 *et seq.* On removal, federal, not state, law applies for declaratory judgment actions. This is because "[t]he operation of the Declaratory Judgment Act is procedural only," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937), and so "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996). Accordingly, "when a declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal declaratory judgment act." *BCB Bancorp, Inc. v. Progressive Cas. Ins. Co.*, No. 2:13-1261 CCC JAD, 2013 WL 8559731, at *3 (D.N.J. Oct. 8, 2013) (citation omitted). *See also Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986) ("It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions apply in diversity cases.").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could

be sought." 28 U.S.C. § 2201. *See also MedImmune, Inc. v. GenenTech, Inc.*, 549 U.S. 102, 128 (2007) (canvassing history of the DJA and its interaction with Article III's case-or-controversy requirement). The Act does not "provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2016); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (noting that the Declaratory Judgment Act "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the court's subject-matter jurisdiction). Nor does the Act create an independent cause of action. *See Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district courts' quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.").

Once the procedural nature of the Act becomes clear, resolution of this motion becomes clear as well. Plaintiffs' declaratory judgment "cause of action" is simply not a claim. *See*, *e.g.*, *In re AZEK Bldg. Prod., Inc., Mktg. & Sales Practices Litig.*, 82 F. Supp. 3d 608, 625 (D.N.J. 2015) (holding that an independent count for declaratory judgment does not create a valid cause of action); *Mazzoccoli v. Merit Mountainside LLC,* No. 12–2168, 2012 WL 6697439, at *9 (D.N.J. Dec. 20, 2012) (dismissing case where the only remaining cause of action was under the Declaratory Judgment Act). Though there is language in the complaint that could be construed as a cause of action, the Court will not hazard a guess as to Plaintiffs' preferred nomenclature and will instead await repleading. Defendant's motion to dismiss Plaintiffs' claim for declaratory judgment is therefore **GRANTED**.

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and Plaintiffs' complaint is dismissed without prejudice. An order follows.


Dated: July 3, 2018                                  /s Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge